EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Carlos Zenón, et als.<br>　　　Demandantes-Recurridos<br><br>　　　　　　v.<br><br>Juan R. Melecio, Presidente, et als.<br>　　　Demandados-Peticionarios | Certificación<br><br>2001 TSPR 155<br><br>155 DPR _____ |

Número del Caso: CT-2001-1


Fecha: 7/noviembre/2001


Oficina del Procurador General:
　　　　　　　　　　　Lcda. Laura Lis López Roche
　　　　　　　　　　　Procuradora General Auxiliar


Abogado del Lcdo. Tomás Rivera Schatz, Comisionado Electoral del P.N.P.:
　　　　　　　　　　　Lcdo. Luis F. Estrella Martínez


Abogado de Juan R. Melecio, Presidente de la C.E.E.:
　　　　　　　　　　　Lcdo. Ramón L. Walker Merino


Abogado del Lcdo. Carlos J. López Feliciano, Comisionado Electoral del P.P.D.:
　　　　　　　　　　　Por Derecho Propio


Abogados de Carlos Zenón y otros:
　　　　　　　　　　　Lcdo. José Juan Nazario de la Rosa
　　　　　　　　　　　Lcdo. Pedro J. Varela Fernández
　　　　　　　　　　　Lcdo. Carlos E. Gómez Menéndez


Materia: Certificación


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Carlos Zenón, Pedro Zenón
Encarnación, Cacimar Zenón
Encarnación, Rafael Rivera
Castaño, Carmelo Feliz
Matta, Paul O'Leary,
Miguel A. Vázquez, Antonio
Corción, María A. Torres
Román, Rosa H. García
Torres, Regalado Miró
Corcino, Sandra I. Reyes
Echevarría

Demandantes-Recurridos

        v.               CT-2001-1   Solicitud de
Juan R. Melecio, Presidente,               Certificación
Lcdo. Carlos López, Comisionado
PPD; Pedro Figueroa,
Comisionado PNP; Damaris
Mangual, Comisionada PIP;
Comisión Estatal de Elecciones;
Estado Libre Asociado de
Puerto Rico

Demandados-Peticionarios
*******************************

RESOLUCIÓN

San Juan, Puerto Rico, a 7 de noviembre de 2001.

    Se enmienda *nunc pro tunc* nuestra Sentencia dictada el 5 de noviembre de 2001, a los únicos efectos de que las expresiones del voto concurrente emitido por el Juez Asociado señor Rivera Pérez lean como sigue:

    ... El Juez Asociado señor Rivera Pérez concurre en el resultado porque concluye que el Artículo 7 de la Ley Núm. 423 de 27 de octubre de 2000, según enmendada, fue desplazada por la Sección 1503(f)(1) y (2) de la Ley Federal Núm. 106-398, la cual ocupó el campo, por ser las disposiciones de la ley estatal contrarias a las disposiciones del estatuto federal.  Véase <u>Louisiana Public Service Com'n v. F.C.C.</u>, 476 U.S. 355 (1986).  El Congreso Federal estableció en esa sección los requisitos para ser electo en este referéndum, de acuerdo con su autoridad constitucional para regular las elecciones y consultas federales.  Véase Art. I, Sec. 4, Cl.1 de la Constitución de Estados Unidos de América; <u>Boroughs v. United States</u>, 290 U.S. 534 (1934); <u>U.S. v. Classic</u>, 313 U.S. 299 (1941); <u>Foster v. Love</u>, 522 U.S. 67 (1997) y <u>Association of Community Organizations for Reform Now v. Miller</u>, 129 F.3d 833 (6th Cir., 1997).  El criterio sobre elegibilidad de los

electores que podrán participar en el referéndum del 25 de enero de 2002 está regulado por la ley federal antes citada, la cual dispone que serán elegibles para votar los electores del Municipio de Vieques registrados para votar por el Comisionado Residente en Washington para el 7 de noviembre de 2000, y aquellos que se registraron como electores luego del 7 de noviembre de 2000, pero 180 días antes de la celebración del referéndum. Véase, Foster v. Love, supra. Como consecuencia se podrían recusar los votos de todos aquellos electores viequenses que se hayan inscrito dentro del período de 180 días anteriores al referéndum, o sea, después del 28 de julio de 2001, y que ejerzan su voto en el mismo.

Los demás pronunciamientos de dicha sentencia siguen inalterados.

Publíquese.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo.

Isabel Llompart Zeno
Secretaria del Tribunal Supremo